**Reversed and Remanded and Majority Opinion and Concurring and Dissenting Opinion filed August 14, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00028-CV

---

## TIM THIBODEAU, AS LEGAL GUARDIAN OF G.A.W.T., A MINOR CHILD, Appellant

### V.

## DR. MARY LYLES AND KATY FAMILY COUNSELING, PLLC, Appellees

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 16-DCV-235475**

---

## CONCURRING AND DISSENTING OPINION

The majority correctly construes the statutory immunity under Texas Family Code section 261.106(a), holding that the statute provides immunity from liability, not immunity from suit. I agree with the majority's conclusion that the trial court erred in granting the plea to the jurisdiction filed by appellees Dr. Mary Lyles and Katy Family Counseling, PLLC (the "Lyles Parties"). And, I agree with the

reasoning and conclusion in Sections I and II of the majority opinion, to the extent those sections address the Lyles Parties' argument in the jurisdictional plea that the trial court lacks subject-matter jurisdiction over Thibodeau's claims. But, I respectfully disagree with the majority's reading and treatment of the Lyles Parties' filings and the court's failure to address the trial court's dismissal on the merits under Texas Rule of Appellate Procedure 91a.

Though this court has said that a party may seek a dismissal under Rule 91a based on lack of subject matter jurisdiction, this court must decide whether the Lyles Parties did so in today's case.[1] The court must construe the Lyles Parties' two-pronged filing — a single instrument containing both a plea to the jurisdiction and a Rule 91a motion. In discerning the true nature of a pleading, the law calls us to look to the substance — not to the form or title — of the plea for relief.[2]

The majority reads the Lyles Parties' Rule 91a motion as not asserting a basis for dismissal distinct from lack of subject matter jurisdiction. The substance of the instrument belies that notion.

In the two-part instrument the Lyles Parties assert two grounds for dismissal, not one. While both the plea and the motion take root in the alleged factual applicability of section 261.016(a) immunity, they differ in the substance of the relief requested. The distinction becomes most apparent at the dovetail, where the Lyles Parties state:

> Immunity for reporting suspected child abuse is critical to the successful prevention of child abuse and should be treated as immunity from suit, stripping the court of jurisdiction.

---

[1] *See, e.g., Univ. of Tex.—MD Anderson Cancer Ctr. v. Porter*, No. 14-17-00107-CV, 2017 WL 5196146, at *1–4 (Tex. App.—Houston [14th Dist.] Nov. 2, 2017, no pet.) (mem. op.).

[2] *See State Bar of Tex. v. Heard,* 603 S.W.2d 829, 833 (Tex. 1980).

2

Alternatively, Defendants move for dismissal pursuant to Rule 91a of the Texas Rules of Civil Procedure because it has no basis in law.

In the second part of the document, the Lyles Parties' Rule 91a motion, they never asserted that the statute gave them immunity from suit or deprived the trial court of jurisdiction. Instead, the Lyles Parties asserted that section 261.016(a) immunity "deprives Plaintiff of the relief sought and renders the [torts claims asserted by Thibodeau] without a base [sic] in law." The Lyles Parties did not request attorney's fees under Rule 91a, and they would not be entitled to recover attorney's fees under their plea to the jurisdiction. In this context, if the Lyles Parties sought a Rule 91a dismissal on the basis that immunity under Family Code section 261.106(a) deprived the trial court of jurisdiction, the Rule 91a motion would entitle them to the same relief as the plea to the jurisdiction.

Though parties may seek dismissal under Rule 91a on the basis that the trial court lacks jurisdiction, the Lyles Parties did not do so in the trial court. Rather, the substance of the Lyles Parties' filing is a plea to the jurisdiction based on the premise that section 261.106(a) deprived the trial court of jurisdiction, and an alternative Rule 91a motion in the event the trial court concluded that this statutory immunity was an immunity from liability that did not deprive the trial court of jurisdiction.[3]

In their appellees' brief in this court, the Lyles Parties argue only that "the trial court properly granted [the Lyles Parties'] Plea to the Jurisdiction." Though the Lyles Parties do not assert on appeal that the trial court properly granted their Rule 91a motion, they are not required to brief whether the trial court properly granted this motion, nor does their failure to argue the Rule 91a motion mean that

---

[3] *See id.*

in this motion the Lyles Parties sought a jurisdictional dismissal, as the majority suggests.[4]

Under the clear text of the Lyles Parties' filing and of the trial court's order, the trial court granted the plea to the jurisdiction, dismissing Thibodeau's claims for lack of subject-matter jurisdiction, and, with the same stroke of the pen, also granted the Lyles Parties' motion to dismiss under Rule 91a, dismissing the claims on the merits as having no basis in law.[5]

Uncertain as to whether section 261.016(a) immunity provided immunity from suit or immunity from liability, the Lyles Parties filed a two-headed motion, addressing both possibilities. They did not, as the majority concludes, attempt to get dismissed on jurisdictional grounds twice. The law treats the two pleas for relief differently — one is a jurisdictional dismissal and the other is not. Thus, after concluding that the trial court erred in granting the plea to the jurisdiction, the court should address the trial court's dismissal on the merits under Rule 91a. Because the majority fails to do so, I respectfully dissent.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jewell. (Boyce, J., majority).

---

[4] *See Jackson v. Tex. Bd. Of Pardons and Paroles*, No. 01-03-00862-CV, 2008 WL 921035, at *1, n.2 (Tex. App.—Houston [1st Dist.] Apr. 3, 2008, no pet.) (mem. op.).

[5] *See* Tex. R. Civ. P. 91a.1.